■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS FEDDER, Appellant. [713 NYS2d 882] —Appeal by the defendant from a judgment of the County Court, Nassau County (LaPera, J.), rendered September 29, 1999, convicting him of endangering the welfare of a child, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction is unpreserved for appellate review. In any event, the argument is without merit (*see, People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Bracken, J. P., McGinity, Luciano and Feuerstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MCKENZIE, Appellant. [713 NYS2d 876] —Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered June 30, 1998, convicting him of manslaughter in the first degree, assault in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal use of a weapon in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. O'Brien, J. P., Thompson, Sullivan and Altman, JJ., concur.